UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SANTONIO TESAUNT HOUSE,

        Defendant.
_____/

No.   1:12-CR- 193

Hon. Paul L. Maloney
Chief U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Santonio Tesaunt House and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty To Count 2</u>.   The defendant has been charged with two counts of being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g). His attorney has advised him of the elements of this charge and his possible defenses. The defendant agrees to plead guilty to Count 2 of the Indictment.

The defendant understands that the elements of being a felon in possession of a firearm are: (1) the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year; (2) he knowingly possessed a firearm or ammunition; and (3) such possession was in or affecting interstate or foreign commerce, usually proved by demonstrating that the gun was manufactured in a State other than where the possession

occurred. *United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007); *United States v. Sawyers*, 409 F.3d 732, 735 (6th Cir. 2005).

2. <u>The Defendant Understands the Crime</u>. The defendant is pleading guilty because the following is true: On July 8, 2012, House was the passenger in a white Buick sedan when Grand Rapids police officers stopped it for speeding. At this time, House possessed a stolen, loaded Glock .40 caliber handgun, bearing serial number KAL647. This gun was manufactured outside of Michigan. House has three convictions, all for possession with the intent to deliver marijuana, in violation of MCL § 333.7401(2)(d)(iii). These convictions arise from 17th Circuit Court and occurred on June 24, 2009, April 28, 2010, and May 5, 2010.

3. <u>The Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 922(g)(1) is a 10 year prison term; a three-year period of supervised release; a fine of $250,000 and a mandatory special assessment of $100.

4. <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing. The defendant also understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that the defendant and the defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant likewise understands that the Court shall make the final determination of the Guideline range that applies in this case, and may

impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. The defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

5. <u>Promises Made In Connection With the Sentencing Guidelines</u>. The United States agrees, based upon facts now known to it, that the defendant qualifies for a reduction in her sentence for acceptance of responsibility, as that term is defined in sentencing guideline § 3E1.1. The defendant understands that the government's position may change if he engages in any conduct inconsistent with acceptance of responsibility between the time of plea and sentencing. The defendant further understands that the court has the sole discretion to reduce his sentence on this basis.

6. <u>No Additional Charges</u>. The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against the defendant in the Western District of Michigan arising out of the conduct charged in the indictment, provided that the conduct is disclosed to the government by the defendant or his attorney prior to the date of this agreement. The defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

7. <u>Dismissal of Remaining Charge</u>. If the defendant pleads guilty as provided by this plea agreement, the prosecution will move to dismiss the remaining charge at the time of sentencing.

8. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the government to prove the defendant guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against the defendant.

    d. The right, if the defendant wished, to testify on the defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e. The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against the defendant.

By pleading guilty, the defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

9. <u>The Court is Not a Party to This Agreement</u>. The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that even if the Court ignores such a recommendation and/or imposes any sentence up to the maximum established by statute, the

4

defendant cannot, for that reason, withdraw her guilty plea, and she will remain bound to fulfill all her obligations under this agreement. The defendant understands that no one -- not the prosecutor, the defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory maximum.

10. Scope of Agreement. This agreement is limited to the U.S. Attorney's Office and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. This agreement applies only to crimes committed by the defendant. This agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future civil or forfeiture actions.

11. Effect of Breach. If the defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any and/or all benefits to which the defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate the agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up her right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

12. <u>This is the Complete Agreement</u>. This agreement has been freely, knowingly, and voluntarily entered into by both sides, it incorporates the complete understanding between the parties, and no other promises have been made. Nor may any additional agreements, understandings or conditions be entered into unless in writing, signed by all parties or on the record in open court.

PATRICK A. MILES, JR.
United States Attorney

_8/15/12_  
Date

TIMOTHY VERHEY
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_8-15-12_  
Date

SANTONIO TESAUNT HOUSE
Defendant

I am Santionio Tesaunt House's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_8/15/12_  
Date

SEAN TILTON
Attorney for Defendant