UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                      No.   1:12-CR-193

    vs.                                  Hon.  Paul L. Maloney
                                               Chief Judge

SANTONIO HOUSE,

        Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States requests that the Court increase the defendant's guideline range by four levels in accordance with Sentencing Guideline § 2K2.1(b)(6)(B). The government's position is based upon the facts and legal authority recited below.

Guideline § 2K2.1(b)(6) provides, "If the defendant – (B) used or possessed any firearm or ammunition in connection with another felony offense … increase by 4 levels." Application Note 14 to the Guideline specifies that "Subsection (b)(6)(B) applies … in the case of a drug trafficking offense in which the firearm is found in close proximity to drugs … . In these cases, application of subsections (b)(6)(B) and (c)(1) is warranted because the presence of the firearm has the potential for facilitating another felony offense or another offense, respectively."

The Sixth Circuit has stated that this enhancement should be applied if the government proves by a preponderance of the evidence that there is a nexus between the gun and the designated felony, regardless of whether that felony was charged.

*United States v. Burns,* 498 F.3d 578, 580 (6th Cir. 207).  Proximity between the gun and drugs indicates such a nexus.  *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009). A nexus is also established where a defendant has used a firearm to protect the drugs, facilitate a drug transaction, or embolden himself while facilitating in the drug transaction.  The nexus requirement in the guideline mirrors the "during and relation to" requirement of Section 924(c), and the tests are interchangeable.  *United States v. Huffman,* 461 F.3d 777, 788 (6th Cir. 2006); *United States v. Farris*, 478 Fed. App'x 306, 307 (6th Cir. 2012).

    The defendant has not disputed the facts in the presentence report.  (Presentence Report ("PSR"), Addendum.)  Therefore, there is no dispute that shortly after midnight on July 8, 2012, House was the passenger in a vehicle that was stopped by the police. (PSR at ¶ 22.)  When the police ordered him out of the vehicle, he attempted to flee while carrying a stolen, loaded Glock 40 caliber handgun.  (PSR at  ¶23-¶24.)  At the same time, House was carrying approximately one quarter ounce of marijuana.  (PSR at ¶25.)  House acknowledged that he had the gun and the marijuana.  (PSR at ¶ 28.)

    The driver of the vehicle on the night of the stop has told the police that House was making heroin deliveries when the police stopped the car, and that the gun was there to provide security for that activity. The government expects that this witness will testify at the hearing about this subject.

    This testimony is supported by several facts about House's possession of the firearm that indicate that he had it to protect his drug activity rather than for some innocent purpose.  In *United States v. Caballos-Torres*, 218 F.3d 409 (5th Cir. 2000), the

2

Fifth Circuit identified a number of factors that should be considered in deciding whether possession of a firearm furthers a drug trafficking offense:  1) the type of drug activity involved, 2) the accessibility of the firearm, 3) the type of weapon, 4) whether the weapon was stolen, 5) whether the defendant's possession was otherwise legal, 6) whether the gun was loaded, 7) proximity of the gun to drugs or drug profits, and 8) the time and circumstances under which the gun was found.  These considerations have been  approved by the Sixth Circuit a number of times.  *United States v. Frederick*, 406 F.3d 754, 762 (6th Cir. 2005); *United States v. Mackey*, 265 F.3d 457 (6th Cir. 2001).

These factors warrant the conclusion that House had the gun to protect his drug activities. First of all, as a 40 caliber handgun, it constitutes  a large caliber handgun with a large capacity magazine loaded with 15 rounds.  (PSR at ¶ 24.) House was carrying it on his person and therefore had immediate access to it, which is consistent with its use for protection while delivering drugs.  The gun was stolen and it was illegal for House to have it for that reason, in addition to it being illegal for him to possess a gun as a convicted felon.  Thus, there was an important reason for him to take that risk, and personal security is that reason.

For the reasons stated above, this Court should increase the defendant's offense level by four as recommended by Guideline § 2K2.1(b)(6).  In the alternative, the Court should consider these matters in arriving at an appropriate sentence under 18 U.S.C. §

3553.

                                            Respectfully submitted,

                                            PATRICK A. MILES, JR.
                                            United States Attorney

Dated:  December 28, 2012           /s/ *Timothy P. VerHey*
                                            TIMOTHY P. VERHEY
                                            Assistant United States Attorney
                                            P.O. Box 208
                                            Grand Rapids, Michigan 49501-0208